UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA CALDERON,

      Plaintiff,

-against-

SORIN BIRCEA,

      Defendant.

1:22-CV-7745 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Ana Calderon, a citizen of the Bronx, New York, who is appearing *pro se*, filed this action invoking the Court's federal question jurisdiction, and seeks damages and injunctive relief. She sues Sorin Bircea, who appears to be a psychiatrist whose office is located in Astoria, Queens County, New York. Plaintiff alleges that the federal constitutional or federal statutory bases for her claims are: "pharmaceutical personal injury, product liability, [and] medical malpractice." (ECF 1, at 4.) The Court construes Plaintiff's complaint as asserting claims under state law under the Court's diversity jurisdiction, not under the Court's federal question jurisdiction.

  By order dated September 12, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action for lack of subject matter jurisdiction, but grants Plaintiff leave to file an amended complaint.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following: In October 2019, November 2019, and in January 2021, in the Bronx, New York, Bircea:

> [d]iagnosed the wrong illness. Despite multiple visits and multiple therapy sessions he failed to provide the correct statement as to the reasons of [Plaintiff's] symptoms. He therefore[] diagnosed the wrong illness and gave the wrong treatment, which caused [Plaintiff] to inherit [sic] the wrong medication which caused [Plaintiff] to worsen [her] well being thus meds caused [Plaintiff] to encounter hallucinations, disorganized speech, . . . paranoia, affected [her] sex life, affected [her] mind, [her] memory, and [her] overall he[alth].

(ECF 1, at 7.)[1]

Plaintiff asserts that her injuries include: (1) "Decreased mental capacity," (2) "Acute stress disorder," (3) "Anxiety-excessive fear," (4) "panic disorder," (5) "dizziness," (6) "false beliefs," (7) "major depressive disorder," and (8) "[h]allucinations (Have been pys[c]ho [sic] treatment for 3 near years.[)]." (*Id.* at 8.) She asks this Court to order a "thorough evaluation of [her] status, request modifications of civil disorder, [and award] damages." (*Id.*)

---

[1] The Court quotes the complaint verbatim. All capitalization, punctuation, and wording are as in the original, unless otherwise indicated.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's subject matter jurisdiction is available only when a "federal question" is presented or, when asserting claims under state law under the court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To the extent that Plaintiff asserts claims under state law under the Court's diversity jurisdiction, she does not allege facts sufficient to show that the Court has diversity jurisdiction to consider her claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that both she and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity-jurisdiction purposes, an individual is considered a citizen of the State where he or she is domiciled, which is defined as the State where he or she "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An

3

individual "has but one domicile." *Id.* A corporation is, however, a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). There is also a second component to diversity jurisdiction − the plaintiff must allege to a "reasonable probability" that the claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff, a citizen of the Bronx, New York, does not specify the state citizenship of Bircea, though she does appear to allege that Bircea's office is located in Astoria, Queens County, New York, and that Bircea himself, an individual, is incorporated in New York, and has his principal place of business in New York. (ECF 1, at 5-6.) Thus, Plaintiff may be attempting to allege that both Plaintiff and Bircea are citizens of the State of New York. In addition, she does not allege any facts showing that her claims satisfy the jurisdictional amount for diversity claims – an amount in excess of the sum or value of $75,000.

Because Plaintiff does not allege facts sufficient to show that the Court has diversity jurisdiction to consider her claims under state law, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint to allege facts showing that the Court has diversity jurisdiction to consider her claims under state law.

## CONCLUSION

The Court dismisses this action. The Court, however, grants Plaintiff leave to file, within 30 days, an amended complaint to allege facts showing that the Court has diversity jurisdiction to consider Plaintiff's claims under state law. If Plaintiff does not file an amended complaint within

the time allowed, or does not show good cause why she cannot file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 24, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge